| | | |
|---|---|---|
| DANIEL L. HAMMOND,  et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Case No. 4:14-cv-00613-BP** |
| | ) | |
| U.S. BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants U.S. Bank N.A., as trustee for Structured Asset Mortgage Investments II Inc.,

Bear Stearns ARM Mortgage Pass-Through Certificates, Series 2004-10 ("U.S. Bank")[1] and

Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, National

Association ("Wells Fargo") (collectively, "Defendants") submit these suggestions in support of

their Motion to Dismiss Plaintiffs Tim Beebe's ("Beebe") and Daniel L. Hammond's

("Hammond") (collectively, "Plaintiffs") Complaint for failure to state a claim upon which relief

may be granted.

## I.  INTRODUCTION

Plaintiffs bring this action requesting the Court find the foreclosure of Beebe's loan was

void and wrongful.  (Compl. p. 1.)  On June 4, 2004, Beebe executed a promissory note in favor

of defendant Lend Tech Mortgage Funding, LLC for $378,000 ("Note").  (*See* Compl. p. 1, ¶ 3;

ECF #1-4.[2])  The Note is secured by a deed of trust ("Deed of Trust") on the property commonly

---

[1] Although Plaintiff, who is *pro se*, named "U.S. Bank, N.A." and "structured Asset Mortgage Investments II Inc.,
Bear Stearns ARM Mortgage Pass – Through Certificates, Series 2004-10" as Defendants in this case, it appears
from the allegations in the Complaint that the intention was to sue U.S. Bank in its capacity as the trustee of the loan
in question.  For these reasons they are more properly considered one defendant.

[2] Reference to the Note is appropriate and does not convert Defendants' Motion into one for summary judgment as
this documents are a necessary part of the allegations in the Plaintiffs' Complaint.  *See Retro Television Network
Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 769 (8th Cir. 2012).

known as 4104 Northeast Hampstead Drive, Lee's Summit, Missouri 64064 ("Property"). (*See* Compl. p. 1, ¶ 3; Exhibit A, a copy of the Deed of Trust attached hereto.[3]) Beebe executed the Deed of Trust on June 4, 2004 and it was recorded in the Jackson County Recorder of Deeds on June 11, 2004 as Instrument No. 2005I004278. *See* Exhibit A. Beebe subsequently defaulted on his Note, and on October 13, 2011, the Property was sold at a foreclosure sale by South & Associates, P.C. ("S&A") to GMAC Mortgage, LLC ("GMAC")[4]. (*See* Compl. p. 1, ¶ 4; Successor Trustee's Deed, ECF #1-3.) U.S. Bank is the current holder of the Note. Wells Fargo is the servicer of Beebe's Note and Deed of Trust. Plaintiffs allege that after the foreclosure sale GMAC employed defendant K.L. Delaney Company, LLC ("Delaney") to remove items from the Property. (Compl. p. 29.)

Despite the length of Plaintiffs' Complaint, it fails to meet federal pleading standards and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although the Complaint contains six counts; only the following two counts are against Defendants: (1) quiet title; and (2) declaratory judgment and specific performance against GMAC and U.S. Bank.[5]

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if the plaintiff has not pled sufficient facts to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, a court accepts all factual allegations as true.

---

[3] Reference to the Deed of Trust is appropriate and does not convert Defendants' Motion into one for summary judgment as this documents are a necessary part of the allegations in the Plaintiffs' Complaint. *See supra* n. 2; Moreover, the Court can take judicial notice of the Deed of Trust as it is a public document filed with the County Recorder of Deeds. *Stahl v. United States Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003); *Kulovic, et al. v. BAC Home Loans Servicing, L.P., et. al.*, No. 4:10-CV-2058 CAS, 2011 WL 1483374 at *2, *6 (E.D. Mo. Apr. 19, 2011).

[4] On July 18, 2014, defendant GMAC filed its Notice of Filing of Bankruptcy (ECF 8).

[5] Plaintiffs mentioned several other allegations in their Complaint but only pled these claims. To the extent the Court finds Plaintiffs' Complaint to state other causes of action, Defendants argue that Plaintiffs fail to state a claim upon which relief may be granted under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2007).

*Great Plains Trust Co. v. Union Pac. R.R. Co.,* 492 F.3d 986, 995 (8th Cir. 2007). However, this "tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by merely conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, a court may only assume the veracity of well-pleaded factual allegations to determine whether those allegations give rise to an entitlement of relief. *Id.* at 664. A complaint must include enough factual allegations to "raise a right to relief above a speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw upon its experience and common sense. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Hence, a complaint must contain facts sufficient to state a claim as a matter of law and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Goldblatt v. Herron,* 2010 U.S. Dist. LEXIS 91256 (W.D. Mo. Sept. 2, 2010). Moreover, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### III. ARGUMENT

Plaintiffs' claims against U.S. Bank and Wells Fargo should be dismissed as they fail to state sufficient facts to support such claims as a matter of law. Plaintiffs assert a quiet title claim against Wells Fargo and U.S. Bank. (*See* Compl. p. 22) Plaintiffs also assert a claim against U.S. Bank for specific performance and declaratory judgment. (*See* Compl. p. 22.) Plaintiffs' quiet title claim against Defendants contains entirely conclusory allegations and fails to allege how

their title is superior to the title of any defendant. Plaintiffs fail to state a claim for specific performance because they fail to allege any contractual obligation that U.S. Bank failed to perform. Finally, Plaintiffs do not state a claim for declaratory judgment because they fail to allege any conduct done by U.S. Bank or any relief requested from U.S. Bank.

A. **Plaintiffs' Quiet Title Claim Fails To State A Claim Upon Which Relief May Be Granted Because They Do Not Sufficiently Plead The Superiority Of Title.**

Under Missouri law, a plaintiff in a quiet title action "must prevail on the strength of its own title and not any weakness in the title of the other party." *Fleming v. Bank of Am.*, No. 4:13-CV-00100-NKL, 2013 U.S. Dist. LEXIS 150758, at *16 (W.D. Mo. Oct. 21, 2013) (quoting *Ollison v. Vill. of Climax Springs*, 916. S.W.2d 198, 203 (Mo. 1996)). Further, to maintain a cause of action for quiet title, a plaintiff must plead: (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) such claim is adverse and prejudicial to plaintiff. *White v. CTX Mortg., LLC*, No. 13-0335-CV-W-DGK, 2014 U.S. Dist. LEXIS 62834, *19 (W.D. Mo. May 7, 2014) (*citing Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo. Ct. App. 1979) (*citing Randall v. St. Albans Farms, Inc.,* 345 S.W.2d 220, 221 (Mo. 1961)).

Plaintiffs summarily stated that their "claim of title is superior to Defendant's claim based on its recorded Warranty Deed." (Compl. p. 18, ¶ 4.) Plaintiffs then claim that GMAC's Successor Trustee's Deed is invalid because it was based on a series of fraudulent documents because GMAC "has no legitimate Promissory Note." (*Id.*) Plaintiffs have failed to sufficiently allege how the strength of *their* title prevails over the strength of the title of any other defendant. In fact Plaintiffs fail to identify the interests of the defendants named in this claim. *See* White, 2014 U.S. Dist. LEXIS 62834 *19 (holding that to state a claim for quiet title, a plaintiff must state that the defendant claims title to, or interest in, the subject property). Instead, Plaintiffs only

allege the claimed weakness in the title of GMAC.  As such, Plaintiffs fail to state a claim for quiet title against U.S. Bank or Wells Fargo and such claim should be dismissed.

**B.  Plaintiffs' Claims in Count III For Specific Performance and Declaratory Judgment Fail to State A Claim.**

In Count III, Plaintiffs set forth a claim for "specific performance under the statutes of RSMO Chapter 400.30 Negotiable Instruments" and "declaratory judgment of lack of standing to Defendant GMAC Mortgage, LLC to claim of lien to Plaintiffs' title." (Compl. p. 22.)  Count III appears to allege that the Note and Deed of Trust have been split (Compl. p. 24, ¶ 5), GMAC has no claim of any kind to the Note (Compl. p. 26, ¶ 14), and defendants have refused to show Plaintiffs the original of the Note "[d]espite [d]iscovery requests for said presentment."  (Compl. p. 27, ¶ 20).  In Count III, Plaintiffs request the Court order defendants to bring the original Note to Court and Plaintiffs be allowed to have an expert examination of the Note. (Compl. p. 29.)  Since the elements for specific performance and declaratory judgment are different, Defendants will address each below separately.

**1.  Plaintiff Hammond Does Not Have Standing To Assert Claims For Specific Performance or Declaratory Judgment Against Defendants.**

All the allegations contained in Count III relate to the Note and Deed of Trust.  (*See* Compl. pp. 22-29.)  Only Beebe executed the Note and Deed of Trust. (ECF # 1-4.)  Hammond is not a party to the Note or Deed of Trust, and therefore, does not have standing to dispute the validity of the Note or its enforcement.  *See e.g. Community Land Corp. v. Stuenkel,* 436 S.W.2d 11, 18 (Mo. 1968); *see also Stephens v. Brekke*, 977 S.W.2d 87 (Mo. App. W.D. 1998) (holding that plaintiffs lacked standing to argue that a contract was unenforceable when they were not parties to same).  As such, the Court should dismiss Hammond's claims under Count III. Regardless of Hammond's standing to bring these claims, Plaintiffs still fail to state a claim for

specific performance or declaratory judgment upon which relief may be granted against U.S. Bank.

**2. Plaintiffs Fail to State A Claim For Specific Performance Because They Do Not Allege That U.S. Bank Has Breached Any Contractual Obligation Arising From The Note Or Deed Of Trust.**

Specific performance is a potential remedy for breach of contract. *Compass Bank v. Eager Rd. Assocs., LLC,* No. 4:12-cv-01059, 2013 U.S. Dist. LEXIS 17087, *824-825 (E.D. Mo. Feb. 8, 2013). Specific performance is not a remedy to which a litigant has a right; it is an equitable remedy that the court may grant in its discretion. *Safeco Ins. Co. of Am. v. Lake Asphalt Paving & Constr., LLC*, No. 4:10-CV-1160 CAS, 2011 U.S. Dist. LEXIS 86865, *15-16 (E.D. Mo. Aug. 5, 2011). The principles of equity allow a court to order specific performance when legal remedies (i.e., monetary damages) are inadequate. *Id*. To state a claim for specific performance, the plaintiff must first state all the elements for breach of contract. *Compass Bank,* at *824-825. In addition, the contract alleged must be sufficiently "definite, certain, and complete" that it can be enforced as written. *Pete v. Randolf*, 157 S.W.3d 360, 364 (E.D. Mo. 2005); *Dean Operations, Inc. v. Pink Hill Assocs.,* 678 S.W.2d 897, 900 (Mo. App. W.D. 1984).

Plaintiffs request that the Court order U.S. Bank to come forth with the original Note and produce it for inspection under Missouri's statutes governing presentment. (Compl. pp. 27, 29.) Beebe expressly waived the right of presentment in the Note. (*See* ECF #1-4.) The Note states that "I and any other person who has obligations under this Note, waive the rights of Presentment and Notice of Dishonor." (*See* ECF 1-4, ¶ 10.) Beebe clearly waived his right to presentment and there is no breach of the Note. Nevertheless, Missouri law does not require physical possession of a promissory note in order to foreclose and the "show-me-the-note" theory that Plaintiffs posit has been widely discredited by courts. *See Barnes*, No. 5:12-CV-06062-DGK,

2013 U.S. Dist. LEXIS 44446, at *8-10; *see also Hobson v. Wells Fargo Home Mortg.*, No. 2:11-cv-010-AGF, 2011 U.S. Dist. LEXIS 94799, at *2 (E.D. Mo. Aug. 24, 2011)(these cases set forth that under Missouri law there is no requirement that the note be presented at a foreclosure sale to the borrower, or that the borrower must be presented with the original note at the time of the foreclosure sale).

### 3. Plaintiffs Fail to State a Claim for Declaratory Judgment Because They Do Not Assert Any Facts Pertaining To U.S. Bank.

It appears from Plaintiffs' Complaint that their declaratory judgment claim is solely directed at GMAC. (Compl. pp. 22-29.) Plaintiffs request that the Court declare that the documents defendants relied upon in order to foreclose on the Property were fraudulent; and therefore, the foreclosure sale is invalid. (*Id.*) To state a claim for declaratory judgment, Plaintiffs must plead: (1) a justiciable controversy; (2) a legally protected interest consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) that the issue is ripe for judicial determination; and (4) that Plaintiffs do not have an adequate remedy at law. *Kinder v. Holden*, 92 S.W.3d 793, 804-804 (W.D. Mo. 2002). However, Plaintiffs fail to allege any facts or wrongdoing by U.S. Bank in Count III. Because no specific allegations are directed against U.S. Bank, Plaintiffs' declaratory judgment claim against U.S. Bank should be dismissed.

### IV. CONCLUSION

Plaintiffs failed to properly plead any cause of action against U.S. Bank or Wells Fargo, and therefore, Defendants respectfully request that Plaintiffs' claims against U.S. Bank and Wells Fargo be dismissed with prejudice.

1157986.6

Respectfully submitted,


**BRYAN CAVE LLP**

By:    /s/Morgan T. McCreary
     Ashley N. Gillard     MO # 62908
     Morgan T. McCreary    MO # 66072
     1200 Main Street, Suite 3800
     Kansas City, MO 64105
     (816) 374-3200
     (816) 374-3300 (Fax)
     ashley.gillard@bryancave.com
     morgan.mccreary@bryancave.com

     Eric Martin       MO # 47558
     One Metropolitan Square
     211 North Broadway, Suite 3600
     St. Louis, MO 63102-2750
     (314) 259-2000
     (314) 259-2020 (Fax)
     eric.martin@bryancave.com

     ATTORNEYS FOR DEFENDANT

1157986.6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 25th day of July, 2014, the foregoing was filed with the Clerk using the CM/ECF system to the following:

Frank W. Lipsman
130 N. Cherry, P.O. Box 550
Olathe, KS 66051
Attorney For GMAC Mortgage, LLC

John R. Rahoy
800 Market Street, Suite 1100
St. Louis, Missouri 63101
Attorney for K.L. Delaney Company, LLC

Chadler E. Colgan
4510 Bellview Avenue, Suite 300
Kansas City, Missouri 64111
Attorney for Lend Tech Mortgage Funding, LLC

And via Regular U.S. Mail, postage pre-paid to:

Daniel Hammond
4101 NE Hampstead Drive
Lees' Summit, Missouri 64064

Tim Beebe
4101 NE Hampstead Drive
Lees' Summit, Missouri 64064

/s/Morgan T. McCreary
Attorney for Defendants U.S. Bank N.A. as trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns ARM Mortgage Pass - Through Certificates, Series 2004-10 and Wells Fargo Bank, NA

1157986.6