IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANIEL L. HAMMOND, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-00613-CV-W-BP |
| | ) |
| U.S. BANK, N.A., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER (1) DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) DISMISSING GMAC MORTGAGE, LLC WITHOUT PREJUDICE

Plaintiffs initiated this suit against five defendants. Three defendants were dismissed without prejudice on October 3, 2014 at Plaintiffs' request. (Doc. 41.) A fourth defendant – U.S. Bank, N.A., as trustee for Structured Asset Mortgage Investments II, Inc., Bear Sterns ARM Mortgage Pass-Through Certificates, Series 2004-10, ("U.S. Bank") – was dismissed on February 6, 2015 when the Court granted that defendant's motion to dismiss. (Doc. 44.) The only remaining defendant is GMAC Mortgage, LLC ("GMAC"), which filed for Chapter 11 relief in the Bankruptcy Court for the Southern District of New York before this suit was filed. Given that the only remaining defendant had filed for bankruptcy relief, and in light of the automatic stay imposed by 11 U.S.C. § 362, on April 8, 2015 the Court stayed all proceedings and directed GMAC to file status reports. (Doc. 54.) Meanwhile, GMAC's plan has been confirmed, and the plan contains a permanent injunction preventing plaintiffs from proceeding on their claims from monetary relief.

In March 2015 the Bankruptcy Court issued a final order establishing a procedure for cases such as this one. The order authorized the Liquidating Trust (as successor to GMAC

pursuant to the plan) to request plaintiffs to dismiss voluntarily. If a plaintiff declined to voluntarily dismiss, the Liquidating Trust is allowed to request that the bankruptcy court enforce the injunction by the filing of omnibus motions to do so. In this case, Plaintiffs have been asked to voluntarily dismiss, but they have declined to do so. GMAC's counsel has indicated that the Liquidating Trust will seek relief from the bankruptcy court to enforce the injunction, but the Liquidating Trust has taken no action. In the meantime, this case has languished for over three years. On April 11, 2019, the Court directed the parties to show cause whether the case should (or should not) be dismissed without prejudice. Plaintiffs filed a series of documents that are not responsive to the question but that includes a motion to amend the Complaint.[1] GMAC responded to the Court's Order, indicating that it believes that the case should be dismissed with prejudice.

First, the Court denies Plaintiffs' motion to amend the Complaint. (Doc. 106.) Federal Rule of Civil Procedure 15(a)(2) directs that the Court "should freely give leave" to amend the pleadings "when justice so requires." However, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1053, 1065 (8th Cir. 2005) (quotations omitted); *see also Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068-69 (8th Cir. 2004). The Court concludes that the 130-page proposed Amended Complaint would be futile, as it is filled with a myriad of legal theories that simply have no basis in law. To the extent that Plaintiffs

---

[1] Plaintiffs also requested permission to submit their responses out of time; this motion, (Doc. 104), is granted.

wish to pursue claims in or related to the bankruptcy, they are free to attempt to do so in the bankruptcy court. To the extent that Plaintiffs challenge GMAC's standing, the Court has previously noted that Article III does not apply to the foreclosure sale conducted under state law (because Article III only applies to federal courts). (*E.g.,* Doc. 82, p. 2.) Finally, to the extent that Plaintiffs wish to sue the Court for adverse rulings, the claims are legally frivolous and Plaintiffs remain free to pursue whatever appeal rights they have.[2]

Second, there is no reason for this case to remain open. Plaintiffs cannot proceed in light of the bankruptcy court's rulings, and the only recourse for either party lies in the bankruptcy court. Accordingly, the Court believes the prudent course is to dismiss this case without prejudice, leaving the parties to whatever relief is available to them from the bankruptcy court.

With the dismissal of the last defendant, this case will be closed. A Clerk's Judgment reflecting the Court's dismissal of U.S. Bank will be filed.

**IT IS SO ORDERED.**

                                                    /s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Date: May 8, 2019

---

[2] No party has suggested that the undersigned should recuse. Upon independent consideration, the undersigned concludes that recusal is not warranted. Plaintiffs' claims are, as stated, legally frivolous, and "[a] judge is not disqualified merely because a litigant sues or threatens to sue [her]." *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977); *see also Azubuko v. Royal,* 443 F.3d 302, 304 (3d Cir. 2006) (per curiam); *In re Taylor,* 417 F.3d 649, 652-53 (7th Cir. 2005); *Matter of Hipp, Inc.,* 5 F.3d 109, 116-17 (5th Cir. 1993).